**Rey Carlos Enrique CENTENO–PRADO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72779.
Agency No. A75–523–314.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Rey Carlos Enrique Centeno Prado, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Marion E. Guyton, Attorney, DOJ–U.S. Department Of Justice, Washington, DC, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

MEMORANDUM**

Rey Carlos Enrique Centeno–Prado, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals decision summarily affirming the immigration judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the decision unless the evidence compels a contrary result. *Hernandez–Montiel v. INS*, 225 F.3d 1084, 1090–91 (9th Cir.2000). We deny the petition for review.

We assume Centeno–Prado's testimony was credible because the IJ did not make an explicit adverse credibility finding. *See Kataria v. INS*, 232 F.3d 1107, 1113–14 (9th Cir.2000).

Centeno–Prado failed to establish that he suffered past persecution because the death threats made by the Guatemalan military were not "especially menacing" or combined with confrontation or other mistreatment. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000).

Centeno–Prado did not establish an objectively reasonable fear of future persecution because his father lived safely in Guatemala for several years after the military threatened to kill them both for his father's alleged eavesdropping. *See Aruta v. INS*, 80 F.3d 1389, 1395 (9th Cir.1996). Furthermore, Centeno–Prado did not submit specific, direct, or credible evidence to show that the military still desired to persecute him for his efforts in 1988 to educate the indigenous people of Guatemala about their human rights. *See Singh v. INS*, 134 F.3d 962, 969–70 (9th Cir.1998).

Centeno–Prado necessarily failed to meet the higher standard for withholding of removal because he failed to meet the standard for asylum. *Rivera–Moreno v. INS*, 213 F.3d 481, 487 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

